8136

NO. 8136

COURT OF APPEAL

PARISH OF ORLEANS.

----

MRS. JAMES WITTENBERG

versus

CHARLES A. WOLSDORF.

-----

Court of Appeal
PARISH OF ORLEANS
FILED NOV 28/31
Stansbury

-----

8136

Dinkelspiel; J.

This suit is based on the following contract:

"                                   New Orleans,
                                    April 8th, 1919.

Mrs. James Wittenberg,
Real Estate Agent,
City.

Dear Madam:

                    I hereby appoint you as my agent and exclusively authorize you to sell the following described property: No. 1138 So. Carrollton Avenue, the store, contents, building in rear, etc. for the price and sum of Twenty Two Thousand Dollars cash. Should you find a buyer or prove instrumental in finding one or should the above mentioned property be sold by me or any other person during the term of this authorization I will nervertheless pay you three per cent commission on the purchase price for your services rendered. The commission being payable when agreement to purchase is signed. I require a cash deposit of ten per cent to bind the sale and therefore authorize you to collect same. This agreement may be cancelled by giving sixty days written notice.

            (Signed) Charles A. Walsdorf.
            Address   1132 So. Carrollton Ave.
            Phone     Gal. 1111."

Alleging further that the clause said contract containing the special agreement "Should you find a buyer or prove instrumental in finding one or should the above property be sold by me or any other person during the time of this authorization, I will nevertheless pay you three per cent commission on the purchase price for your services rendered.

That said contract or agreement has never been cancelled and is still in force and effect and further alleging that under the terms of said contract petitioner is entitled to receive three per cent on the purchase price, the property having been sold for Thirty Thousand Dollars, the claim is for Nine Hundred Dollars, for which judgment is prayed.

The answer of the defendant admits his signature to the contract in question but denies that plaintiff sold his property as she had agreed to do but on the contrary the property was sold

155

through the instrumentality of Mr. Onorato, he was paid his commission and therefore defendant is not bound by the contract in question because he had called same off both through a phone message and through a letter written to plaintiff and which was accepted by     her.

The defendant was called xxx as a witness for cross examination under the act and in his testimony admits the contract in question and arrangement to meet several purchasers, Mr. Kaufman and Mr. Dayries, at the office of plaintiff, who plaintiff had secured as prospective purchasers; that subsequent to the conversation which produced no effects defendant testifies that he phoned to plaintiff and amongst other things things said that Mr. Kaufman had told plaintiff that he defendant wanted entirely too much and then added "I am glad to know that I think my price is too low;"xxx he admits further that he wrote a letter under which Mrs. Wittenberg's contract in question was signed and axx under which Mrs. Wittenberg acted;subsequently the defendant testifies that in the congersation having revoked the contract through phone he was told to write a letter and he did write the letter and mailed it, calling the contract off, he further testifies that nothing coming out of this contract in the shape of a sale and not having heard from Mrs. Wittenberg, except as testified to by him, he subsequently employed another real estate agent, Mr. Onorato, who sold this property to Mr. Dayries, for the price and sum of Thirty Thousand Dollars and he paid Mr. Onorato his commission of Fifteen Hundred Dollars.

The plaintiff, Mrs. Wittenberg in her own behalf testifies first to the fact that she received a letter from defendant about the sale of drug store and place of business and acting upon this she called to see the defendant who signed the contract in question, she testifies further that soon after she had the contract she heard that Mr. Dayries and Mr. Kaufman had purchased the site at the corner of Broadway and St. Charles, she

156

immediately went to see Mr. Kaufman, offered him the drug store in ·question and advanced arguments to try and induce him to purchase it, Mr. Kaufman told her "my partner Mr. Dayries is hunting for a drug store at Napoleon Avenue and St. Charles" and "I want you to meet my partner and give him particulars of the drug store" she further testified substantially that she met Mr. Dayries and endeavored at the time and subsequently to sell him this establishment and introduced these gentlemen to the defendant and got them to visit the drug store in reference to the purchase, these gentlemen then made an offer to rent the store and by the stock dollar for dollar, which offer defendant rejected, she further testifies that she saw ХХХ Mr. Freund, personally once and that she had a number of conversation with him over the phone, that he was a druggist, and she had no authority to advertise this property, he said he wanted everything done quietly and she positively testifies that she neither received a phone message nor the letter sworn to by the defendant that he had mailed, calling her contract off; she is supported in this so far as the letter is concerned by her husband who is her agent and the only authority in opening her mails, she also substantially testifies that she used every endeavor subsequent to what is heretofore testified to to sell and she finally learned that defendant had sold and therefore she warned him that she would claim her commission.

We have thus gone into the main testimony for plaintiff and defendant in this case and the contention of plaintiff is first that there is nothing in this record to sustain the defendant except the statement of defendant that he telephoned plaintiff to cancel the contract, to which she consent and subsequently wrote her a letter to the same effect.

It was held recently by our Supreme Court in the case of McWilliams vs. Reith, which will be found in the So. Rep. pages 1913-1914, supplemental sheets, and in that case the Court laid down the doctrine:

157

"The lady clerk in defendant's office testified to the letter having been mailed, properly addressed, but as she says nothing of the postage having been prepaid, no presumption arises of the letter having been received. 22 C.J. 99; 22 A. & E. Eng. of L. 1355. Moreover plaintiff testifies that he opens his mail himself and the letter was not received."

And those facts as stated by the Court in that case are applicable in the case quoted and are in the main applicable here.

The next contention argued and submitted by brief xxx by defendant's able counsel is that plaintiff is not entitled to any commission because there is no provision in the contract as to the term of its duration and the law fixes this duration at a reasonable time and ten months is certain more than a reasonable time, unless during that period the agent was making continuous offers and active efforts to affect a sale and the burden of proof is upon plaintiff to show what if any effort she made during that period and they site the case of Lewis vs. Manson, 132 La. as enforcing that principle.

We have read that case very carefully and we are not in accord with the views expressed by counsel.

A verbal agreement not carried out as in that case the Court held under the circumstances there stated could not be enforced on the other one.

Our own Court in quite a number of cases has held the reverse of the proposition suggested and argued by counsel. In the case of Freeman vs. Diboll, 11 Court of Appeals p. 199, where the Court held:

"The fact is conceded and in any event is established that the sale of the property was actually affected during the term /xxxx of the contract of employment, but defendant contends that this sale was consummated without plaintiff's intervention or assistance and that since he was not the procuring cause thereof,

he is not entitled to the commission.

If, however, as plaintiff urges, the procuration con- ferred upon him the exclusive right or agency to sell the proper- ty during its term, this defense cannot avail, since in that event plaintiff would be entitled to his commission, whether the sale was procured by himself, by the defendant or through another broker."

In the case of Stanley A. Hervey vs. Harry Hirsch, No. 7518, Court of Appeal, the syllabus reads:

"A contract by which an owner places his property for sale in the hands of a real estate agent and promises to pay a commission accepted by the agent who receives the contract and acts upon it, is not void as a nudum pactum.

A contract by which an owner binds himself to pay his agent a commission on the sale of the property, even if the sale be effected by the owner himself, is not null and void for want of consideration."

The learned Judge of the Court aqua heard and saw these witnesses and he had much better opportunities from their appear- ance and from their testimony to judge the merits of this case, than we have; he, in his judgment decided this case in favor of plaintiff and we see no reason to change that decree.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aqua be and the same is hereby affirmed with costs of both Courts to be paid by the de- fendant.

*Judgment Affirmed*